### TOWNSEND v. PERRY et al.

(Supreme Court, Appellate Division, Fourth Department. October 7, 1914.)

1. NEW TRIAL (§ 157*)—MOTION—DETERMINATION—MATTERS CONSIDERED.

Where a motion for a new trial on the ground of newly discovered evidence was based upon affidavits, and also upon the records on former appeals of the same case, all the papers should be considered in determining the motion, and an order granting the motion, based on a consideration of the affidavits only, will be reversed.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 314, 317, 318; Dec. Dig. § 157.*]

2. NEW TRIAL (§ 108*)—NEWLY DISCOVERED EVIDENCE—PROBABILITY OF DIFFERENT RESULT.

Where there have already been two trials of the case, a new trial should not be granted on the ground of newly discovered evidence, unless there is a probability of a different result upon such trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

Robson, J., dissenting in part.

Appeal from Special Term, Yates County.

Action by Frank B. Townsend against Ezekiel C. Perry and others. From an order granting plaintiff's motion for a new trial upon the ground of newly discovered evidence, defendants appeal. Reversed.

See, also, 158 App. Div. 889, 143 N. Y Supp. 1146.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

M. A. Leary, of Penn Yan, for appellants.
James O. Sebring, of Corning, for respondent.

PER CURIAM. [1] It would seem from the opinion of the court at Special Term, contained in the record, that the motion was disposed of upon the moving affidavits only. From the notice of motion and or-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

der it appears that the motion was made also upon the records on the former appeals. The opposing affidavit was not considered, for the very good reason that it had not been served upon plaintiff's attorney, as the rules of practice require. The defendants' attorney did not appear in person on the hearing, but instead forwarded his affidavit, with a letter. If the defendants' attorney had served his opposing affidavit, and appeared and properly presented the matter to the Special Term, the result might have been different. At all events, we are of the opinion that all the papers should be considered in determining the motion, and a full hearing had.

[2] Two trials have already been had, and the case should not be opened for a new trial unless there is a probability of a different result upon a new trial. The order should be reversed, but, under the circumstances, without costs of this appeal, and the matter remitted to the Special Term.

Order reversed, without costs upon this appeal, and the motion remitted to the Special Term, to be determined upon all the papers upon which the motion was made, and upon such further affidavits and papers as either party may serve and submit, and upon the demand of the defendants the affiant, Charles W. Conklin, is required to be produced upon the hearing of the motion for examination orally under oath, and the Special Term may likewise, in its discretion, require any of the other affiants to appear and be examined orally under oath upon such hearing.

ROBSON, J., dissents, and votes for modification of the order by imposing all accrued costs as a condition.